

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 22, 1974

The Honorable Raymond Vowell,
    Commissioner
State Dept. of Public Welfare
John H. Reagan Building
Austin, Texas 78701

Opinion No. H- 237

Re: Reports of cases of
child abuse.

Dear Mr. Vowell:

You have asked our opinion on two questions relating to the responsibility to report cases of child abuse. Your first question is whether Acts 1973, 63rd Leg. ch. 398, p. 881 (hereafter H. B. 1414), which provides a penalty for a failure to report instances of child abuse was repealed by Acts 1973, 63rd Leg. ch. 543, p. 1411, (hereafter Title 2) which is Title 2 of the Family Code.

House Bill 1414 amended Article 695c-2, Vernon's Texas Civil Statutes, by adding Section 9 to read as follows:

> "Sec. 9. Any person who knowingly fails to
> report in accordance with Section 3 of this Act when
> he has cause to believe that a child's physical or
> mental health or welfare has been or may be further
> adversely affected by abuse or neglect commits a
> misdemeanor punishable by a fine of not less than
> than $100 or more than $500, or by imprisonment
> in jail for not less than 10 days or more than 6
> months, or both. "

H. B. 1414, amending Article 695c-2, was passed by the Legislature on May 17, 1973, and became effective on June 13, 1973, when it was approved by the Governor. On May 24, 1973, the Legislature passed Title 2 of the Family Code supra. It was approved by the Governor on June 15, 1973, and became effective on January 1, 1974. Section 3 specifically provided that it repealed Article 695c-2, supra.

The Code Construction Act, Article 5429b-2, Vernon's Texas Civil Statutes, applies to the interpretation of codes enacted by the 60th or subsequent Legislature and, inter alia, to the repeal of a statute by a code. §§1.02(1) and 1.02 (3). Its Section 3.11(c) provides:

> "(c) The repeal of a statute by a code does not affect an amendment, revision, or reenactment of the statute by the same legislature which enacted the code. The amendment, revision, or reenactment is preserved and given effect as part of the code provision which revised the statute so amended, revised, or reenacted."

In this case the repealed statute, Article 695c-2, was replaced by Chapter 34 of the Family Code. The "Section 3 of this Act," referred to in H. B. 1414, is found, with minor additions, as Vernon's Texas Family Code, §34.02. Therefore, it is our opinion that H. B. 1414 was not repealed by Title 2 and is effective and must be read in conjunction with Chapter 34 of the Family Code.

Your second question asks whether "the State Department of Public Welfare and/or the county child welfare unit have the responsibility to report cases of child abuse to state or local law enforcement officials?"

Vernon's Texas Family Code §§34.01 and 34.02(a) require that persons report instances of child abuse or neglect to:

> "(1) the county welfare unit;
> "(2) the county agency responsible for the protection of juveniles; or
> "(3) any local or state law enforcement agency."
> (emphasis added)

The State Department of Public Welfare is a person for the purposes of this section. Code Construction Act, supra, §1.04(2).

The use of the disjunctive indicates that a person is not required to report to a law enforcement agency if he reports to a county welfare unit or other county agency responsible for the protection of juveniles. This interpretation is sup-

ported by Section 34. 02 (c) which provides that:

> "All reports received by any local or
> state law enforcement agency shall be referred
> to the county child welfare unit, or to the county
> agency responsible for the protection of juveniles. "

and by Section 34. 05 (e) which provides that:

> "The county agency responsible for the
> protection of juveniles, or the county child
> welfare unit, shall make a complete written
> report of the investigation together with its
> recommendations to the juvenile court or the
> district court, the district attorney, and the
> appropriate law enforcement agency. "

The apparent design of the statute is that the county child welfare unit or other county agency responsible for the protection of juveniles will make an initial investigation of the report and then submit its findings to the appropriate law enforcement officials.

Therefore, it is our opinion that the Department of Public Welfare is not required to report cases of child abuse to law enforcement agencies if it has reported these cases to the county child welfare unit or other county agency responsible for the protection of juveniles. Of course, if the Department acquires its knowledge of a case of child abuse from a county agency it is not required to re-report it to that same agency. It is also our opinion that the county child welfare unit is required to report cases of child abuse to appropriate law enforcement agencies, but only after it has made its investigation and conclusions.

## SUMMARY

Acts 1973, 63rd Leg. ch. 398, p. 881, which provides a penalty for failure to report cases of child abuse, was not repealed by Title 2 of the Family Code. The Department of Public Welfare is not required to report cases of child abuse

to law enforcement agencies <u>if it has brought the</u>
<u>case to the attention of the county child welfare unit</u>
<u>or other county agency responsible for the protection</u>
<u>of juveniles.</u>  The county child welfare unit is not
required to report cases of child abuse to appropriate
law enforcement agencies <u>until it has completed its</u>
<u>investigation of the report.</u>

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee